**MELLON SERVICE COMPANY,**
Appellant,

v.

**TOUCHE ROSS & COMPANY,**
Appellee.

No. 01–99–00003–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

May 4, 2000.

Diane M. Guariglia, Larry Thompson, Houston, for Appellant.

Steve Andrews, Robert M. Corn, Houston, M. Byron Wilder, Oscar Rey Rodriguez, Dallas, for Appellee.

Panel consists of Justices COHEN, HEDGES and ANDELL.

## OPINION

ERIC ANDELL, Justice.

Mellon Service Company, appellant, brought a derivative cause of action as a minority shareholder of BioSpectrum, Inc., f/k/a Immuno Modulators Laboratories, Inc. (IML), against Touche Ross & Co., appellee, Granada Corporation, and Granada Genetics, Inc. (collectively, Granada) for negligence, gross negligence, constructive fraud, tortious interference, conspiracy, breach of a confidential relationship, and violations of the Texas Deceptive Trade Practices Act (DTPA).

We are asked to decide if the trial court erred in granting Touche's motions for summary judgment on the issues of: (1) limitations; (2) breach of a fiduciary duty; and (3) res judicata and collateral estoppel. We affirm.

### Facts

In 1985, IML entered into a stock exchange agreement with Granada. By December, 1986, Granada had exercised its option and obtained 86.31% of IML's outstanding shares of common stock, making itself the majority shareholder of IML. Granada proceeded to place four of its officers on IML's board of directors.

On June 29 and 30, 1987, IML's board of directors met to consider an asset purchase offer from Granada Genetics, Inc., a wholly owned subsidiary of Granada. Under the asset purchase agreement, IML would agree to sell substantially all of its assets, including two of IML's most important products, Agriferon and Equiferon, in exchange for the cancellation of a $2.3 million debt owed to Granada. On June 30, 1987, the board of directors of IML recommended approval and acceptance of the asset purchase offer made by Granada Genetics, Inc.

On July 14, 1987, a special meeting of the shareholders of IML was held to consider whether the asset purchase agreement should be ratified. The six members of the board of directors were present as

well as two representatives of Touche. The asset exchange was approved, with Granada voting its 86% in favor and the minority shareholders voting their 14% against.

### Standard of Review

Summary judgment is proper only when the movant establishes there is no genuine issue of material fact and it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985). When a trial court's order rendering summary judgment does not specify what grounds it relied upon for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced is meritorious. *Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989).

### STATUTE OF LIMITATIONS

In point of error two, Mellon asserts that the trial court erred in rendering summary judgment in favor of Touche on the basis that Mellon's claims for negligence and gross negligence, civil conspiracy, tortious interference and DTPA violations were barred by a two-year statute of limitations.[1] Mellon filed suit against Touche on July 26, 1989, therefore, the accrual date for each cause of action could be no earlier than July 26, 1987, or the claims would be barred. Touche argues that the event allegedly giving rise to Mellon's claimed injury was the sale of substantially all of IML's assets to Granada. It is undisputed that this sale was approved by IML's shareholders on July 14, 1987.

### 1. Standard of Review

 A defendant seeking summary judgment on the ground of statute of limi-

tations must: (1) prove when the cause of action accrued; and (2) negate the discovery rule by proving as a matter of law there is no genuine issue of fact about when the plaintiff discovered or should have discovered the nature of the injury. *Burns v. Thomas*, 786 S.W.2d 266, 267 (Tex.1990). If the movant, Touche, establishes that the statute of limitations bars the action as a matter of law, the nonmovant, Mellon, must then adduce summary judgment proof which raises a fact issue to avoid the statute of limitations. *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999).

### 2. Accrual of the Cause of Action

 The general rule is that a cause of action accrues when a wrongful act causes some legal injury, even when the fact of injury is not discovered until later, and even if all of the resulting damages have not yet occurred. *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex.1996). The record reflects that Mellon has consistently claimed that the event giving rise to its alleged injury is the sale of substantially all of IML's assets to Granada. The asset purchase agreement was given final approval by IML's shareholders at a meeting on July 14, 1987. Mellon was represented by its president and chairman, Hugh Oneal Myers, and by counsel at this meeting, and was aware of the sale. As a matter of law, Mellon's cause of action accrued when the shareholders voted and approved the asset purchase agreement.

### 3. The Discovery Rule

 The above stated general rule is applied with the exception of the discovery

---

1. *See American Centennial Ins. Co. v. Canal Ins. Co.*, 810 S.W.2d 246, 255 (Tex.App.— Houston [1st Dist.] 1991), *aff'd in part, rev'd in part on other grounds*, 843 S.W.2d 480 (Tex.1992) (statute of limitations for negligence and gross negligence is two years); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318 (Tex.App.—Houston [1st Dist.] 1990, writ de-

nied) (statute of limitations for civil conspiracy is two years); *First Nat'l Bank of Eagle Pass v. Levine*, 721 S.W.2d 287, 289 (Tex. 1986) (statute of limitations for tortious interference with a contract is two years); Tex. Bus. & Com.Code Ann. § 17.565 (Vernon 1987) (statute of limitations for DTPA cause of action is two years).

rule. *Id.* The discovery rule is generally applied in two types of cases: fraud or fraudulent concealment, and where the nature of the injury incurred is inherently undiscoverable, but may be objectively verified. *Id.* at 6. When a cause of action is deferred by the discovery rule, the cause of action does not accrue until the plaintiff knew or should have known of the wrongful act and resulting injury. *Id.* Even when the discovery rule is applied, the cause of action accrues when the fact of injury is known, not when the responsible parties are known. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 357 (Tex.1990).

■ Counsel for Mellon sent correspondence to the boards of directors at IML and Granada on July 14, 1987, formally objecting to the asset purchase agreement and requesting that Granada not be allowed to vote due to conflict of interest concerns. This letter, plus the minutes of the shareholder meeting to vote on the asset purchase agreement demonstrate that Mellon had knowledge of the sale of substantially all of IML's assets to Granada no later than the date of the approval by IML shareholders on July 14, 1987. The minutes of the July 14, 1987 meeting show that Mellon was present, represented by its president and an attorney, and objected to Granada's vote on the asset purchase agreement.

Further, Mellon has brought suit on behalf of the corporation IML. IML was aware of the asset purchase agreement even before the shareholders were notified of the offer from Granada. Therefore, Touche has negated the discovery rule by proving as a matter of law there is no genuine issue of fact about when Mellon discovered or should have discovered the nature of the injury. Touche has conclusively established each element of its affirmative defense of limitations. Mellon has provided no summary judgment proof which raises a fact issue to avoid the statute of limitations.

### 4. Fraudulent Concealment

■ As an independent ground to defeat summary judgment, Mellon asserts that Touche fraudulently concealed a cause of action from the minority shareholders, and limitations did not begin to run until Mellon knew of its injury, or should have known by the exercise of reasonable diligence. A party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion, and to come forward with summary judgment evidence raising a fact issue on each element of the fraudulent concealment defense. *American Petrofina, Inc. v. Allen,* 887 S.W.2d 829, 830 (Tex.1994). A mere pleading does not satisfy either burden. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). Thus the party must produce evidence establishing the defendant had: (1) actual knowledge of the wrong; (2) a duty to disclose the wrong; and (3) a fixed purpose to conceal the wrong. *Casey v. Methodist Hosp.,* 907 S.W.2d 898, 903 (Tex.App.—Houston [1st Dist.] 1995, no writ).

■ While Mellon has raised fraudulent concealment in its response to the summary judgment motion, it has not come forward with any summary judgment evidence raising a fact issue on the elements of this defense. Mellon simply points to a conclusory statement in the affidavit of its president, Hugh Oneal Myers, that he did not know the action taken at the July 14, 1987 meeting caused harm to IML until 1988. Mellon provides no evidence supporting this contention.

Accordingly, we overrule point of error two and affirm the trial court's rendition of summary judgment on Touche's affirmative defense of limitations.

### BREACH OF FIDUCIARY DUTY

In point of error three, Mellon argues the trial court erred in rendering summary judgment on its claim that Granada breached its fiduciary duty to IML. Mel-

lon's claim for breach of a fiduciary duty by Touche has a four-year statute of limitations which does not bar this cause of action by Mellon. Therefore, we will address the trial court's grant of Touche's motion for summary judgment on these grounds separately.

In December 1986, Granada hired Touche, an accounting, tax planning and business consulting firm. Touche submitted a proposal to Granada offering comprehensive auditing, tax planning and compliance, and management consulting services related to the preparation of a registration statement. Touche included a brief description of the qualifications and background of each individual it proposed to work on the Granada account, and the services Touche would provide. Two of those individuals, Ben Anderson and Steve Lee, were attorneys as well as certified public accountants. Both were recommended for the "tax team" that Touche proposed for Granada.

Mellon argues that Touche is liable for a breach of fiduciary duty based upon its attorney-client relationship with IML, and that the trial court erred in granting Touche's motion for summary judgment on this claim. Touche asserts that as an accounting firm, it had no attorney-client relationship with Granada or IML and therefore, did not breach any fiduciary duty owed to IML on that basis.

The attorney-client relationship is a contractual relationship whereby an attorney agrees to render professional services for a client. *Honeycutt v. Billingsley*, 992 S.W.2d 570, 581 (Tex.App.— Houston [1st Dist.] 1999, pet. denied). The relationship may be expressly created by contract, or it may be implied from the actions of the parties. *Id.*

Touche offered, and was hired by Granada, to perform accounting, auditing and management consulting services, not legal services. Touche's accounting services to Granada included an audit of IML's financial statements. Mellon's argument that an attorney-client relationship existed between IML and Touche seems to

be based solely on the fact that two of the members of Touche's tax team organized for the Granada account were also lawyers. Both men stated in their affidavits that they were not acting as attorneys at any time during their employment at Touche. Tom Easley, Granada's vice president and chief financial officer, testified that he retained Touche at the direction of Granada's president and that he defined the scope of their engagement with Granada. In his affidavit, Easley states that he knew at the time Touche did not provide legal services, and Touche was not expected to do so. He continues that neither Granada nor IML entered into an attorney-client relationship with Touche at any time.

Mellon has offered no evidence to support its contention that an attorney-client relationship existed, other than the fact that two Touche employees happened to be attorneys as well as certified public accountants. We conclude as a matter of law that no attorney-client relationship existed between Touche and IML or Granada. Accordingly, the rendition of summary judgment on this ground was proper.

Based on our disposition of these two points of error, we need not address the remaining point of error.

We affirm.