Opinion issued May 23, 2002












 





In The

Court of Appeals

For The

First District of Texas






NO. 01-01-00110-CV

____________


JEAN ALVIN DAVIS AND JIMMY PHILLIPS, JR., Appellants


V.


GLORIA B. HELM, Appellee






On Appeal from the 246th District Court

Harris County, Texas

Trial Court Cause No. 2000-48243






O P I N I O N

 Appellants, Jean Alvin Davis and Jimmy Phillips, Jr., appeal from the trial
court's rendition of summary judgment and imposition of sanctions in favor of
appellee, Gloria B. Helm. Davis, represented by his attorney, Phillips, filed a bill of
review seeking to reverse the trial court's prior decree annulling Davis's marriage to
Helm. The trial court granted summary judgment in favor of Helm, found Davis and
Phillips had filed the bill of review in bad faith, and imposed sanctions on Davis and
Phillips, jointly and severally, in the amount of $20,000 for Helm's attorney's fees
and costs.

 On appeal, two issues are presented: whether the trial court's rendition of
summary judgment on Helm's affirmative defenses of res judicata and collateral
estoppel was proper, and whether the trial court abused its discretion in imposing
sanctions on Davis and Phillips for filing the bill of review. 

 We affirm.

Factual and Procedural Background


 In November of 1996, Helm sued for an annulment of her marriage to Davis
or in the alternative, divorce. On June 4, 1997, Helm and Davis entered into a rule
11 settlement agreement. Tex. R. Civ. P. 11. Pursuant to that agreement, Helm and
Davis agreed to an annulment of their marriage, a division of property, and that each
would be responsible for his or her own attorney's fees.

 On June 30, 1997, Helm and Davis appeared with counsel at an oral hearing
before an associate judge. Helm testified she and Davis had been ceremonially
married in Reno, Nevada in 1993. She testified Davis had failed to tell her that he
had taken advantage of other wealthy women over the past 10 or 15 years and had
been indicted for criminal tax fraud. She also testified Davis misrepresented to her
that he was regularly employed and that, once married, he would consummate the
marriage sexually.

 In response to questioning from his own attorney, Harry Tindall, Davis testified
that, although he signed the rule 11 agreement, he did so under duress placed upon
him by Tindall, and he no longer wanted to comply with the terms of the agreement.

 At the conclusion of the hearing, the associate judge approved the rule 11
agreement and granted the annulment. On July 1, 1997, a final decree of annulment
was signed by visiting judge Mary Ellen Hicks. The decree recites that both sides
appeared, waived the making of a record, waived a jury, and presented evidence. The
decree also recites findings that "no community property was accumulated by the
parties during the existence of the marriage" and "the material allegations in the
Petitioner's Fifth Amended Original Petition for Annulment or Divorce are
substantially correct and have been proved by full and satisfactory evidence." The
trial court's decree also ordered the record sealed.

 Davis subsequently retained new counsel, Phillips, and filed a motion for new
trial seeking to set aside the annulment. In his first amended motion for new trial,
Davis argued (1) the annulment decree incorrectly recited that the parties waived a
record, and he attached a complete copy of the reporter's record from the June 30,
1997 hearing before the associate judge as an exhibit to his motion; (2) the decree
failed to show the date in 1997 when it was heard; (3) there was no evidence and/or
insufficient evidence to support the finding that no community property was
accumulated by the parties; (4) there was no evidence and/or insufficient evidence to
support the annulment of the marriage; (5) the trial court failed to determine and
properly divide the community estate; (6) the trial court improperly sealed the record;
and (7) the rule 11 agreement was signed by Davis under duress, and he was not
allowed to fully present evidence on the issue.

 The motion for new trial was presented at an oral hearing conducted by the
associate judge. At the hearing, Davis testified he had attended a mediation of his
annulment proceeding but no agreement was reached at mediation. Davis also
testified that, despite his desire to take the case to trial, his former attorney, Tindall,
refused to do so. Because of Davis's consultations with Tindall, Davis felt he had no
choice but to sign the rule 11 agreement. Davis testified he never signed the
annulment decree or gave Tindall permission to approve it. Davis further testified he
was never instructed by Tindall or any court personnel that he had a right to appeal
the associate judge's ruling. (1)
 At the conclusion of the hearing, the associate judge
unsealed the trial court's file and denied the motion for new trial. Davis appealed the
associate judge's ruling to the trial court, but no hearing was scheduled on the motion
and it was overruled by operation of law.

 Davis then appealed the annulment decree to this Court, which affirmed the
decree. See Davis v. Helm, No. 01-97-01026-CV, slip op. at 5, 1998 WL 394515
(Tex. App.--Houston [1st Dist.] July 16, 1998, pet. denied) (not designated for
publication). On that appeal, Davis raised five points of error alleging: (1) the
evidence was insufficient to support the granting of an annulment, (2) the trial court
erred in granting the property division based upon a rule 11 agreement that was
repudiated, (3) the evidence was insufficient to support the property division, (4) the
trial court erred in failing to notify him of his right to appeal the associate judge's
ruling, and (5) the trial court erred in failing to allow him three days to appeal the
findings of the associate judge. Id.

 We held that, based on the recitation in the decree that the parties waived the
preparation of a record of any proceedings before the district judge, we were required
to presume the evidence was sufficient to support the annulment decree and the
property division, overruling Davis's first and third points of error. Id. at 3. We
overruled Davis's second point of error, regarding the entry of the annulment decree
based on the repudiated rule 11 agreement, because the decree recited that the
property division was based upon evidence received and did not reference an
agreement between the parties. Id. We overruled Davis's fourth point of error,
complaining of a lack of notice of his right to appeal the associate judge's rendition
of judgment, because the decree recited it was rendered by a district judge. Id. 
Finally, we overruled Davis's fifth point of error, concerning the trial court's failure
to allow him three days to appeal the findings of the associate judge, because the
record did not indicate the associate judge made any findings and the decree recited
it was based on evidence presented to the district judge. Id. at 4. Davis's motion for
rehearing was denied, and the Texas Supreme Court subsequently denied Davis's
petition for review.

 In September of 2000, Davis filed a petition for divorce and a bill of review
seeking to set aside the trial court's 1997 annulment decree. As grounds for his bill
of review, Davis alleged (1) the annulment decree was not signed by a qualified
judicial official, (2) the decree falsely recited that a hearing was held and evidence
was presented to a district judge, (3) he repudiated the rule 11 settlement agreement
at the hearing before the associate judge, and (4) he was given no notice of any July
1, 1997 (2) hearing before the trial court, and, in fact, no such hearing ever took place.

 Helm filed a general denial to Davis's allegations, and, in her first amended
answer, raised the affirmative defenses of res judicata and collateral estoppel. Helm
also filed a motion to dismiss Davis's bill of review, alleging the suit was frivolous
and seeking sanctions against Davis and his attorney, Phillips. Helm subsequently
filed a motion for summary judgment based on res judicata and collateral estoppel,
and Davis filed a response to the motion. The trial court conducted a hearing on the
motion for summary judgment and the motion for sanctions. At the conclusion of the
hearing, the trial court granted summary judgment in favor of Helm, found Davis and
Phillips had filed the bill of review in bad faith, and imposed sanctions on Davis and
Phillips, jointly and severally, in the amount of $20,000 for Helm's attorney's fees
and costs. (3) Davis appeals the granting of the summary judgment and the sanctions.

Summary Judgment


 In the first issue presented, Davis argues the trial court erred in granting
summary judgment because Helm did not establish all the elements of her affirmative
defenses, res judicata and collateral estoppel, as a matter of law.

 A party moving for summary judgment has the burden of proving there is no
genuine issue of material fact and the movant is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Property Mgmt., 690 S.W.2d 546, 548
(Tex. 1985); Farah v. Mafrige & Kormanik, 927 S.W.2d 663, 670 (Tex.
App.--Houston [1st Dist.] 1996, no writ). When deciding whether there is a disputed
material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. Nixon, 690 S.W.2d. at 548-49. Every reasonable
inference must be indulged in favor of the non-movant and any doubts resolved in its
favor. Id. When a defendant moves for summary judgment on its own affirmative
defense, it must prove each element of its defense as a matter of law, leaving no
issues of material fact. Velsicol Chem. Corp. v. Winograd, 956 S.W.2d 529, 530
(Tex. 1997).

 A summary judgment that is granted generally, without specifying a reason,
will be upheld if any ground alleged in the summary judgment motion can be
sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Mellon Serv. Co. v.
Touche Ross & Co., 17 S.W.3d 432, 435 (Tex. App.--Houston [1st Dist.] 2000, no
pet.). Here, the trial court gave no specific basis for its rendition of summary
judgment.

Res Judicata and Collateral Estoppel

 As noted above, Helm asserted the affirmative defenses of res judicata and
collateral estoppel as grounds for summary judgment on all of Davis's claims raised
in his bill of review.

 Res judicata, or claim preclusion, prevents re-litigation of claims that have
been finally adjudicated, or that arise out of the same subject matter and could have
been litigated in the prior action. Barr v. Resolution Trust Corp., 837 S.W.2d 627,
631 (Tex. 1992); Smith v. Brown, 51 S.W.3d 376, 379 (Tex. App.--Houston [1st
Dist.] 2001, pet. denied). The elements of res judicata are a prior, final judgment on
the merits by a court of competent jurisdiction; an identity of parties or those in
privity with them; and a second action based on the same claims that were raised or
could have been raised in the first action. Amstadt v. U. S. Brass Corp., 919 S.W.2d
644, 652 (Tex. 1996); Smith, 51 S.W.3d at 379. 

 Collateral estoppel, or issue preclusion, prevents a party from re-litigating a
particular fact issue the party has already litigated and lost in an earlier suit. Quinney
Elec., Inc. v. Kondos Entertainment, Inc., 988 S.W.2d 212, 213 (Tex. 1999). The
doctrine of collateral estoppel is designed to promote judicial efficiency, protect
parties from multiple lawsuits, and prevent inconsistent judgments by precluding the
re-litigation of issues. Sysco Food Serv., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex.
1994). A party seeking to assert the bar of collateral estoppel must establish that (1)
the facts sought to be litigated in the second action were fully and fairly litigated in
the first action, (2) those facts were essential to the judgment in the first action, and
(3) the parties were cast as adversaries in the first action. Id.

 As the summary judgment movant, it was Helm's burden to conclusively prove
at least one of these affirmative defenses defeated the claims raised by Davis in his
bill of review. See Dardari v. Texas Commerce Bank Nat'l Ass'n, 961 S.W.2d 466,
470 (Tex. App.--Houston [1st Dist.] 1997, no pet.).

Bill of Review

 A bill of review is an independent, equitable action brought by a party to a
former action seeking to set aside a judgment no longer appealable or subject to
motion for new trial. Caldwell v. Barnes, 975 S.W.2d 535, 537 (Tex. 1998);
Hernandez v. Koch Mach. Co., 16 S.W.3d 48, 57 (Tex. App.--Houston [1st Dist.]
2000, pet. denied). Because it is an equitable remedy, the bill is available only when
a party has demonstrated due diligence and shown that, through no fault of its own,
no other legal remedy was available. Caldwell, 975 S.W.2d at 537-38; Hernandez,
16 S.W.3d at 57.

 To succeed by bill of review, the petitioner must ordinarily allege and prove
three elements: (1) a meritorious claim or defense; (2) that he was prevented from
asserting by the fraud, accident, or wrongful act of his opponent or a court official in
the exercise of official duties; (3) unmixed with any fault or negligence of his own. 
Caldwell, 975 S.W.2d at 537; Nichols v. Jack Eckerd Corp., 908 S.W.2d 5, 8 (Tex.
App.--Houston [1st Dist.] 1995, no writ).

 It was Helm's contention that, although presented as bill of review claims, all
of Davis's claims were barred by either res judicata, collateral estoppel, or both. 

 We note that, on appeal, Davis contends Helm's motion for summary judgment
did not adequately set out or elaborate the elements of res judicata and collateral
estoppel and was, therefore, a deficient pleading. (4) See McConnell v. Southside Indep.
Sch. Dist., 858 S.W.2d 337, 341 (Tex. 1993) (holding motion for summary judgment
must expressly present grounds upon which it is based). However, in his response to
the motion, Davis made no objection to Helm's pleading and did not file a special
exception, thus waiving any complaint regarding Helm's pleading. Tex. R. App. P.
33.1; see Pettitte v. SCI Corp., 893 S.W.2d 746, 748 (Tex. App.--Houston [1st Dist.]
1995, no writ). Rather, Davis only expressed a doubt about whether Helm's motion
was brought under rule 166a(c) as a "traditional" summary judgment motion or
166a(i) as a "no evidence" motion. Tex. R. Civ. P. 166a(c), (i). Helm moved for
summary judgment on affirmative defenses and was required to establish, as a matter
of law, all the elements of at least one of the defenses raised. See Dardari, 961
S.W.2d at 470.

 We treat Helm's motion as a 166a(c) motion and conclude that the motion,
although brief, was sufficient to provide Davis with "fair notice" of the grounds on
which Helm sought summary judgment. See Thomas v. Cisneros, 596 S.W.2d 313,
316 (Tex. App.--Austin 1980, writ ref'd n.r.e.) (holding grounds for summary
judgment sufficiently specific when consist of concise statement giving fair notice of
claim to non-movant).

Davis's Bill of Review Claims

 As noted above, Davis alleged in his bill of review that (1) the 1997 annulment
decree was not signed by a qualified judicial official, (2) the decree falsely recited
that a hearing was held and evidence was presented to a district judge, (3) he had
repudiated the rule 11 settlement agreement at the hearing before the associate judge,
and (4) he was given no notice of any July 1, 1997 hearing before the trial court, and,
in fact, no such hearing ever took place.

 With regard to Davis's claims, he presented no explanation why he could not
have raised each of these matters in his original suit in his motion for new trial and/or
on earlier appeal to this Court. The recitations contained in the annulment decree
were made known to all parties, through their counsel, when it was approved as to
form and submitted to the court. When the decree was signed and made a part of the
trial court's record, it was apparent on its face that it was signed by a judge other than
the elected judge of the 246th District Court. Davis contends Helm and her attorney
acted fraudulently by not disclosing that certain recitations in the decree were false. 
However, Davis does not explain why he could not have presented such evidence
himself in the original proceeding and appeal. In fact, Davis's contention that he
repudiated the rule 11 settlement agreement was presented to the trial court in his
motion for new trial and presented to this Court as a point of error in his initial
appeal.

 In Petro-Chemical Transp., Inc. v. Carroll, 514 S.W.2d 240 (Tex. 1974), a bill
of review case, the Texas Supreme Court clearly mandated that:

 No rule of law is better settled than the one that a court of equity will not
set aside a final judgment in a former action when the failure to have a
full and fair presentation of the case therein resulted from the
negligence, inadvertence or mistake either of the party seeking relief or
his counsel.


514 S.W.2d at 246. This is still the law today.

 We hold the summary judgment record established, as a matter of law, a prior,
final judgment on the merits by a court of competent jurisdiction; an identity of
parties or those in privity with them; and a second action based on the same claims
that were raised or could have been raised in the first action. Amstadt, 919 S.W.2d
at 652; Smith, 51 S.W.3d at 379. Therefore, the trial court did not err in concluding
Davis's bill of review claims were barred by res judicata.

 We overrule the first issue presented.

Motion for Sanctions


 In the second issue presented, Davis and Phillips contend the trial court abused
its discretion in imposing sanctions on them for filing the bill of review. Davis and
Phillips do not contest the evidence supporting the amount of sanctions awarded,
rather, they argue their conduct in filing the bill of review did not warrant any
sanction by the trial court.

 A trial court's decision to impose sanctions is reviewed for an abuse of
discretion. Dyson Desendant Corp. v. Sonat Exploration Co., 861 S.W.2d 942, 950
(Tex. App.--Houston [1st Dist.] 1993, no writ). A trial court abuses its discretion
when it acts without reference to any guiding legal rules or principles or misapplies
the law to the established facts of the case. Id. We will overturn a trial court's
imposition of sanctions, therefore, only when it is based on an erroneous view of the
law or a clearly erroneous assessment of the evidence. Home Owners Funding Corp.
of Am. v. Scheppler, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ);
see Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 405, 110 S. Ct. 2447, 2461
(1990). In making our determination on this issue, we must indulge every legal
presumption in favor of the trial court's ruling and view the evidence in the light most
favorable to the trial court's ruling. Hatteberg v. Hatteberg, 993 S.W.2d 522, 526
(Tex. App.--Houston [1st Dist.] 1994, no writ). A mere error in judgment by the trial
court does not constitute an abuse of discretion. Bradt v. Sebek, 14 S.W.3d 756, 761
(Tex. App.--Houston [1st Dist.] 2000, pet. denied). Further, "[t]he mere fact that a
trial judge may decide a matter within his discretionary authority in a different
manner than an appellate judge in a similar circumstance does not demonstrate that
an abuse of discretion has occurred." Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 242 (Tex. 1985).

 In her amended motion for sanctions, Helm argued Davis's suit was "totally
frivolous without any basis in law or fact" and sought sanctions under rule 13 of the
Texas Rules of Civil Procedure and chapter 10 of the Texas Civil Practice and
Remedies Code. See Tex. R. Civ. P. 13; Tex. Civ. Prac. & Rem. Code Ann. §
10.002 (Vernon Supp. 2002).

 Rule 13 provides that the signature of attorneys or parties on a pleading or
motion constitutes a certificate by them that, to the best of their knowledge,
information, and belief formed after a reasonable inquiry, the instrument is not
groundless and brought for the purpose of harassment. Tex. R. Civ. P. 13. No
sanction under this rule may be imposed without good cause stated in the court's
order. Id. For purposes of rule 13, "groundless" means "no basis in law or fact and
not warranted by good faith argument for the extension, modification, or reversal of
existing law." Id. Chapter 10 of the Civil Practice and Remedies Code codifies the
requirements of rule 13 and provides a trial court with the authority to sanction a
party and/or its attorney for a violation of the rule. Tex. Civ. Prac. & Rem. Code
Ann. §§ 10.001 and .004 (Vernon Supp. 2002).

 At the hearing on Helm's motion for sanctions, Phillips testified that, based on
his legal research concerning bills of review and his review of the record and
previous claims presented by Davis, he concluded a bill of review could be brought
"after an appeal as long as the issues brought up under the [b]ill of [r]eview have not
been considered on the appeal." Helm's counsel argued that, based on the trial
court's file and the summary judgment record, the bill of review was frivolous "as a
matter of law." Helm's counsel testified Helm had incurred approximately $20,000
in attorney's fees and costs responding to Davis's bill of review. Davis did not
challenge this amount.

 The trial court signed an order awarding sanctions against Davis and Phillips
pursuant to rule 13 of the Rules of Civil Procedure and sections 10.001(1) and (2) and
section 10.004(c)(3) of the Civil Practice and Remedies Code. Tex. R. Civ. P. 13;
Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001(1), .001(2), and .004(c)(3) (Vernon
Supp. 2002). In its order, the trial court concluded the bill of review was (1) filed in
bad faith, (2) for the purpose of harassment, and (3) not warranted by existing law or
by a nonfrivolous argument for the extension, modification, or reversal of existing
law or the establishment of new law. (5)
 We agree.

 A trial court should consider the entire history of the case before it when
making its determination to award sanctions on the grounds that a case is nakedly
frivolous or without legal viability. Falk & Mayfield L.L.P. v. Molzan, 974 S.W.2d
821, 824-27 (Tex. App.--Houston [14th Dist.] 1998, pet. denied). At the hearing on
Helm's motion for sanctions, the trial court stated it had reviewed the entire file in
this case. Davis and Phillips conceded at trial and concede on appeal that they do not
seek an extension, modification, or reversal of existing law in filing the bill or review. 
Phillips testified at the sanctions hearing that he conducted legal research on the
viability of a bill of review and concluded it was supported by "ample authority," but
he did not cite the trial court to any authority supporting this contention; nor did he
file a response to Helm's motion for sanctions. In the response filed by Phillips to
Helm's motion for summary judgment, Phillips cited a single case pertaining to bills
of review, First Nat'l Bank of Fort Worth v. Kelley, 278 S.W.2d 350 (Tex. Civ.
App.--Eastland 1955, no writ). In that case, the court held a party who had
previously filed a direct appeal was also entitled to file a subsequent bill of review
seeking to set aside the judgment on the ground that its opponent had committed
extrinsic fraud. Id. at 351. Davis and Phillips present no evidence of extrinsic fraud
on the part of Helm, and we find no such evidence in the record before us; thus,
Kelley is clearly distinguishable.

 Davis and Phillips contend that Phillips's bare testimony concerning his legal
research constituted evidence of a reasonable inquiry into the merits of the bill of
review and demonstrated good faith sufficient to defeat the motion for sanctions. 
However, as indicated above, the claims presented in the bill of review were clearly
barred by res judicata. One of the claims in Davis's bill of review, concerning his
repudiation of the rule 11 settlement agreement, is exactly the same claim he
presented as a basis for motion for new trial in the original proceeding and as a point
of error in the first appeal to this Court.

 Davis also contends he obtained deemed admissions against Helm which
supported his claims and demonstrated the bill of review was not groundless. 
Although Helm did not respond to Davis's requests for admissions, she filed
objections to them as permitted by the rules of discovery. Tex. R. Civ. P. 198.2(b). 
Davis did not request a hearing or obtain a ruling from the trial court on Helm's
objections. Tex. R. Civ. P. 193.4(a). Thus, the admissions were not deemed, and
Davis waived any complaint about them. Tex. R. App. P. 33.1.

 Davis and Phillips also rely on a statement by the trial court at the beginning
of the hearing to support their contention that the court imposed sanctions based on
an erroneous view of the law. At the hearing, the trial court stated as follows:

 Well, I guess I don't understand what a Bill of Review is, but generally
it's that you can get some relief because by reason of something that was
never brought to the attention of the person seeking the Bill of Review
that they never had notice of, the proceedings or some sort of fraud was
perpetrated on them that they didn't get a chance to present to the Court.


 . . . .


 I've got one or two in here, and I have one just, you know, where I was
sustained on a Bill of Review which seems to me that they had a whole
lot stronger case than you do. I don't understand, you know, how you
can go all the way through the appellate system and then come back
asking for a Bill of Review based on some kind of fraud or something
that you already tried all the issues. . . . I'll give you a chance to change
my mind.


Contrary to Davis's and Phillips's assertions, these statements by the trial court do not
demonstrate an erroneous view of either a petitioner's burden on a bill of review or
the elements of res judicata. See Caldwell, 975 S.W.2d at 537; Amstadt, 919 S.W.2d
at 652. Davis's and Phillips's contention on this point is without merit.

 Indulging every legal presumption in favor of the trial court's ruling and
viewing the evidence in the light most favorable to the trial court's ruling, we cannot
conclude the trial court abused its discretion in imposing sanctions on Davis and
Phillips in this case. While different judges might arrive at different conclusions
based on the same evidence, as noted above, the mere difference of opinion in the
exercise of discretionary authority does not amount to an abuse of discretion. 
Downer, 701 S.W.2d at 242.

 We overrule the second issue presented.


Conclusion


 We affirm the judgment of the trial court.




 Terry Jennings

 Justice


Panel consists of Justices Mirabal, Hedges, and Jennings.


Do not publish. Tex. R. App. P. 47.

1. Davis also attempted to testify concerning the specifics of the discussions he
had with Tindall following the mediation. Helm's attorney objected to the
testimony as hearsay, and the associate judge sustained the objection. Davis
then testified, in a bill of exception, that, after the mediation, he told Tindall
he wanted to take the case to trial. Three or four days before the trial setting,
Tindall told Davis he would not represent him in a trial of the case and told
Davis he would have to find another lawyer if he wanted to take the case to
trial. Davis testified he then attempted to hire another attorney, but, when he
was unsuccessful, signed the rule 11 agreement. No appeal of the associate
judge's ruling to exclude this testimony was ever sought.

2. The final decree of annulment was signed by a visiting judge, the Honorable
Mary Ellen Hicks, on July 1, 1997.
3. Davis did not contest that Helm incurred reasonable and necessary attorney's
fees in the amount of $20,000 in defense of the bill of review.
4. In her motion for summary judgment, Helm's entire argument consists of a
single sentence: "The cause of action pled by Petitioner is barred by res
judicata and by collateral estoppel and, therefore, judgment in favor of
Respondent must be entered."
5. When imposing Rule 13 sanctions, a trial court is required to make
particularized findings of good cause justifying the sanctions. Tex. R. Civ. P.
13. Davis complains the trial court did not make sufficiently particularized
findings of fact in its order in this case. However, Davis did not object to the
trial court's entry of sanctions or file a motion for new trial. To preserve error
for appeal, a party must timely present his objection to the trial court with
sufficient specificity. Tex. R. App. P. 33.1(a). By failing to timely object to the
form of the sanctions order, Davis has waived any error.