NO. 12-02-00231-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: MIKE MCCORMICK,
§
 ORIGINAL PROCEEDING

RELATOR


§
 






 

 Mike McCormick ("McCormick") brings this petition for writ of mandamus complaining of 
an order denying his motion to disqualify counsel for Jose Feliciano ("Feliciano"), plaintiff in the
underlying breach of contract action. We deny the writ.


Background


 Feliciano is the owner of Feliciano Insurance in Tyler, Texas. In 1989 or 1990, Feliciano
hired McCormick as an independent contractor to assist Feliciano in his insurance business. 
Feliciano subsequently discovered that McCormick was selling insurance policies to clients referred
to him by Feliciano, but was placing the policies with companies that Feliciano did not represent. 
As a result, Feliciano would not receive a percentage of any renewal premiums for the policies. 
Upon learning of McCormick's actions, Feliciano terminated his business relationship with
McCormick. However, Feliciano agreed to rehire McCormick if they could reach an agreement that
would preserve Feliciano's right to share in the renewal premiums from the policies McCormick
sold.

 Feliciano and McCormick negotiated the terms of their agreement without the assistance of
counsel. Feliciano then called J. Bennett White ("White"), who had been his attorney for a number
of years, to request that White draft a written contract incorporating the agreed terms. Feliciano and
McCormick went to White's office, where Feliciano, in McCormick's presence, related the terms
of their agreement. (1) White drafted a "Confidentiality and Non-Competition Agreement" ("the
agreement"), which was "approved and agreed" by the parties on May 10, 1991.

 In 1997, McCormick opened his own business and terminated his affiliation with Feliciano. 
Two years later, Feliciano, represented by White, sued McCormick for breach of the agreement. On
August 15, 2002, McCormick filed a motion to disqualify White and the law firm of Wilson, Sheehy,
Knowles, Robertson & Cornelius, P.C. (the "Wilson firm") from representing Feliciano. In his
motion, McCormick alleges that White represented both Feliciano and McCormick in the preparation
of the agreement and therefore cannot represent Feliciano against McCormick in the underlying
lawsuit without McCormick's consent. McCormick also alleges that the agreement is ambiguous,
that White will be called to testify at trial about the intent of the parties, and that White's testimony
will be adverse to McCormick. McCormick argues that both situations violate specific provisions
of the Texas Disciplinary Rules of Professional Conduct and require disqualification of White and
the Wilson firm.

 On August 19, 2002, the trial court conducted a hearing on McCormick's motion. At the
conclusion of the hearing, the trial court denied the motion. McCormick filed his petition for writ
of mandamus on August 20, 2002 asking this court to set aside the trial court's order denying his
motion to disqualify. (2) The trial court signed its written order on August 23, 2002.


Availability of Mandamus


 The granting or denial of a motion to disqualify is reviewable by mandamus. See Nat'l Med.
Enters., Inc. v. Godbey, 924 S.W.2d 123, 133 (Tex. 1996) (orig. proceeding). Mandamus will issue
only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no
adequate remedy by appeal. In re Daisy Mfg. Co., 17 S.W.3d 654, 658 (Tex. 2000) (orig.
proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and
unreasonable as to amount to a clear and prejudicial error of law. Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding).

 With respect to the resolution of factual issues or matters committed to the trial court's
discretion, we may not substitute our judgment for that of the trial court unless the relator establishes
that the trial court could reasonably have reached only one decision and that the trial court's decision
is arbitrary and unreasonable. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig.
proceeding). This burden is a heavy one. Canadian Helicopters, Ltd. v. Wittig, 876 S.W.2d 304,
305 (Tex. 1994) (orig. proceeding).


Abuse of Discretion


 Rule 1.06 of the Texas Disciplinary Rules of Professional Conduct provides that "a lawyer
who has represented multiple parties in a matter shall not thereafter represent any of such parties in
a dispute among the parties arising out of the matter, unless prior consent is obtained from all such
parties to the dispute." Tex. Disciplinary R. Prof'l Conduct 1.06(d), reprinted in Tex. Gov't
Code Ann., tit. 2, subtit. G app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9). Rule 3.08(b)
requires an attorney to decline representation "if the lawyer believes that the lawyer will be
compelled to furnish testimony that will be substantially adverse to the lawyer's client, unless the
client consents after full disclosure." Tex. Disciplinary R. Prof'l Conduct 3.08(b). McCormick
reasons that because he is White's former client, both rules require that White and the Wilson firm
be disqualified. However, to establish that rules 1.06 and 3.08(b) are applicable here, McCormick
must first show that he and White had an attorney-client relationship.

 The attorney-client relationship is a contractual relationship whereby an attorney agrees to
render professional services for a client. Mellon Serv. Co. v. Touche Ross & Co., 17 S.W.3d 432,
437 (Tex. App.- Houston [1st Dist.] 2000, no pet). The relationship may be expressly created by
contract, or it may be implied from the actions of the parties. Sutton v. Estate of McCormick, 47
S.W.3d 179, 182 (Tex. App.- Corpus Christi 2001, no pet.); Mellon, 17 S.W.3d at 437. A question
of fact exists when the evidence does not conclusively establish the existence of an attorney-client
relationship. See Sutton, 47 S.W.3d at 182; Kanow v. Brownshadel, 691 S.W.2d 804, 805-06 (Tex.
App.- Houston [1st Dist.] 1985, no writ).

 McCormick argues that the record in the instant case conclusively establishes that White
represented both Feliciano and McCormick. Based upon our examination of the record, we conclude
that the record contains conflicting evidence on the issue. Consequently, McCormick has not
established that the trial court could reasonably have reached only one decision on whether he and
White had an attorney-client relationship.

 McCormick also asserts that rule 3.08 requires White's disqualification because his testimony 
"may be adverse to his current client's position taken in this litigation...." Assuming, without
deciding, that McCormick has standing to raise the question, the record does not reflect the substance
of White's potential testimony or that such testimony, if offered, will be adverse to Feliciano. 
Therefore, rule 3.08 does not apply to the record before us.


Conclusion
 

 Based upon the record presented, we conclude that McCormick has not shown that the trial
court clearly abused its discretion in denying the motion to disqualify White and the Wilson firm. 
Because the trial court did not abuse its discretion, we need not address whether McCormick has an
adequate remedy by appeal. Tex. R. App. P. 47.1. Accordingly, McCormick's petition for writ of
mandamus is denied.


 SAM GRIFFITH 

 Justice



Opinion delivered September 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.







(DO NOT PUBLISH)
1. The extent of McCormick's participation at the meeting with White is unclear from the record.
2. McCormick raised two other issues in his petition for writ of mandamus. Those issues are now moot and have
been withdrawn.