Opinion issued April 19, 2007



















In The

Court of Appeals

For The

First District of Texas






NO. 01-04-01185-CV

 __________


EXCEL AUTO AND TRUCK LEASING, LLP., Appellant


V.


ALIEF INDEPENDENT SCHOOL DISTRICT, CHARTERWOOD
MUNICIPAL UTILITY DISTRICT, CHELFORD ONE MUNICIPAL
UTILITY DISTRICT, CIMARRON MUNICIPAL UTILITY DISTRICT,
CITY OF BAYTOWN, CITY OF DEER PARK, CITY OF HOUSTON, CITY
OF KATY, CITY OF PASADENA, CLEAR BROOK CITY MUNICIPAL
UTILITY DISTRICT, CY-CHAMP PUBLIC UTILITY DISTRICT,
CYPRESS-FAIRBANKS INDEPENDENT SCHOOL DISTRICT, DEER
PARK INDEPENDENT SCHOOL DISTRICT, FALLBROOK UTILITY
DISTRICT, GOOSE CREEK CONSOLIDATED INDEPENDENT SCHOOL
DISTRICT, HARRIS COUNTY, HARRIS COUNTY EDUCATION
DEPARTMENT, HARRIS COUNTY EMERGENCY SERVICE DISTRICT
NO. 1, HARRIS COUNTY EMERGENCY SERVICE DISTRICT NO. 7,
HARRIS COUNTY EMERGENCY SERVICE DISTRICT NO. 9, HARRIS
COUNTY EMERGENCY SERVICE DISTRICT NO. 28, HARRIS COUNTY
FLOOD CONTROL DISTRICT, HARRIS COUNTY FORT BEND
EMERGENCY SERVICE DISTRICT NO. 100, HARRIS COUNTY
HOSPITAL DISTRICT, HARRIS COUNTY MUNICIPAL UTILITY
DISTRICT NO. 33, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT
NO. 38, HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 64,
HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO. 81, HARRIS
COUNTY MUNICIPAL UTILITY DISTRICT NO. 120, HARRIS COUNTY
MUNICIPAL UTILITY DISTRICT NO.132, HARRIS COUNTY
MUNICIPAL UTILITY DISTRICT NO. 158, HARRIS COUNTY RURAL
FIRE PREVENTION DISTRICT NO. 13, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 16, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 17, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 20, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 24, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 25, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 26, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 29, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 46, HARRIS COUNTY RURAL FIRE
PREVENTION DISTRICT NO. 48, HARRIS COUNTY UTILITY
DISTRICT NO. 6, HARRIS COUNTY WATER CONTROL AND
IMPROVEMENT DISTRICT NO. 113, HARRIS COUNTY WATER
CONTROL AND IMPROVEMENT DISTRICT NO. 132, HARRIS COUNTY
WATER CONTROL AND IMPROVEMENT DISTRICT NO. 133,
HORSEPEN BAYOU MUNICIPAL UTILITY DISTRICT, HOUSTON
COMMUNITY COLLEGE DISTRICT, HOUSTON INDEPENDENT
SCHOOL DISTRICT, HUMBLE INDEPENDENT SCHOOL DISTRICT,
KATY INDEPENDENT SCHOOL DISTRICT, KLEIN INDEPENDENT
SCHOOL DISTRICT, LAKE FOREST UTILITY DISTRICT, LEE
COLLEGE DISTRICT, LOUETTA NORTH PUBLIC UTILITY DISTRICT,
NORTH BELT UTILITY DISTRICT, NORTH FOREST INDEPENDENT
SCHOOL DISTRICT, NORTH HARRIS MONTGOMERY COMMUNITY
COLLEGE DISTRICT, NORTHPARK PUBLIC UTILITY DISTRICT,
NORTHWEST HARRIS COUNTY MUNICIPAL UTILITY DISTRICT NO.
16, PASADENA INDEPENDENT SCHOOL DISTRICT, PONDEROSA
FOREST UTILITY DISTRICT, PORT OF HOUSTON AUTHORITY OF
HARRIS COUNTY, RANKIN ROAD WEST MUNICIPAL UTILITY
DISTRICT, SAGEMEADOW UTILITY DISTRICT, SAN JACINTO
COMMUNITY COLLEGE DISTRICT, SPRING BRANCH INDEPENDENT
SCHOOL DISTRICT, SPRING INDEPENDENT SCHOOL DISTRICT,
TIMBER LANE UTILITY DISTRICT, WEST HARRIS COUNTY
MUNICIPAL UTILITY DISTRICT NO. 6, Appellees






On Appeal from the 11th District Court

Harris County, Texas

Trial Court Cause No. 2002-03877






MEMORANDUM OPINION

 In this suit for delinquent ad valorem taxes, Excel Auto & Truck Leasing,
L.L.P., appellant/taxpayer, complains of the trial court's granting summary judgment
in favor of the various taxing units, appellees. In three issues, Excel argues that the
trial court erred (1) in finding that it was the owner of the vehicles and liable for ad
valorem taxes; (2) in finding that there was no genuine issue as to any material fact
as to ownership of the vehicles; and (3) in granting summary judgment to Pasadena
Independent School District ("ISD"), which filed no Motion for Summary Judgment,
rendering the judgment interlocutory. 

 We affirm. 

Background


 This is a suit predicated upon ad valorem taxes on vehicles owned by Excel
Auto & Truck Leasing, L.L.P. Pasadena ISD filed a delinquent tax suit against Excel,
and numerous taxing units intervened. The intervening taxing units sought to collect
delinquent personal property taxes on the vehicles owned by Excel. The Tax Master
recommended judgment for the taxing units, and Excel appealed the recommendation
to the trial court and requested a jury trial de novo. The taxing units filed motions for
summary judgment contending that Excel is the owner of the vehicles for which the
2002 and 2003 delinquent taxes are due and owing, and Excel is responsible for the
payment of those taxes. Attached to the motions were certified copies of the
delinquent tax records.

 Excel responded by asserting that it does not own the vehicles because its
"leases" are actually security agreements. It argued that "it is not the owner of the
vehicles and the lease agreement form used is actually a security agreement creating
a security interest in the vehicles its customers own." Its customers have possession
of the automobiles and insure and care for them, but Excel maintains a lien by
possession of the original title. Excel included an affidavit from Larry Tschoerner,
Excel's general manager and finance director, in which he testified that Excel's
customers were responsible for paying the taxes on their vehicles. The affidavit
further states that, "in addition, pursuant to the terms of the agreement, these
agreements could not be terminated by a customer." Excel asked the trial court to
deny the taxing units' motions for summary judgment, enter judgment in favor of
Excel as to no tax liability, or "on the alternative, that the Court find as a matter of
law, that the form agreement Excel used was a security agreement, and/or that Excel
is not the owner of the vehicles, or, in the alternative, that one or both of these matters
should be submitted to the Jury in this case for a determination of the fact questions
involved."

 The trial court found that there was no genuine issue as to any material fact that
the taxing units were entitled to judgment as a matter of law and that the motions
should in all things be granted against Excel Auto and Truck Leasing, L.L.P. and
Excel Lease Fund, Inc. as successor in interest to BLJ & Associates, Inc. d/b/a Excel
Financial Company (in rem only). (1) 

Interlocutory Judgment


 In issue three, Excel contends that the trial court erred in granting summary
judgment to Pasadena ISD, which filed no Motion for Summary Judgment, rendering
the judgment interlocutory.

 The taxing units supplemented the appellate record with the motion for
summary judgment filed by Pasadena ISD. We overrule issue three.

Summary Judgment
 

 In issues one and two, Excel argues that the trial court erred in finding that it
was the owner of the vehicles and liable for ad valorem taxes and in finding that there
was no genuine issue as to any material fact as to ownership of the vehicles.

Standard of Review

 A party moving for summary judgment must conclusively prove all of the
elements of its cause of action or defense as a matter of law. Tex. R. Civ. P. 166a(c);
Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); Rhone-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 222-23 (Tex. 1999). When, as here, both
sides move for summary judgment, and the trial court grants one motion but denies
the other, a reviewing court should review both sides' summary judgment evidence,
determine all questions presented, and render the judgment that the trial court should
have rendered. FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex.
2000). When a summary judgment does not specify or state the grounds on which the
trial court relied, the non-movant on appeal must negate any grounds on which the
trial court could have relied, and we will affirm the summary judgment on appeal if
any of the grounds presented in the motion is meritorious. See Harwell v. State Farm
Mut. Auto. Ins. Co., 896 S.W.2d 170, 173 (Tex. 1995); Mellon Serv. Co. v. Touche
Ross & Co., 17 S.W.3d 432, 435 (Tex. App.--Houston [1st Dist.] 2000, no pet.). In
other words, a non-movant is required to show that each ground alleged in the motion
for summary judgment was insufficient to support summary judgment. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).
Ad Valorem Taxes

 All tangible personal property is taxable unless otherwise exempt by law. Tex.
Tax Code Ann. § 11.01 (Vernon 2004). Property taxes "are the personal obligation
of the person who owns or acquires the property on January 1 of the year for which
the tax is imposed." Tex. Tax Code Ann. § 32.07 (Vernon 2004). In a prosecution
for the collection of delinquent taxes, the introduction of certified copies of a taxing
unit's tax records or tax statements constitutes prima facie evidence of all of the
elements of the taxing unit's petition, including ownership of the property, and
creates a presumption that the taxing units complied with all of the requirements
imposed upon them by law. Tex. Tax Code Ann. § 33.47(a) (Vernon 2004); Davis
v. City of Austin, 632 S.W.2d 331, 333 (Tex. 1982); Aldine Ind. Sch. Dist. v. Ogg, 122
S.W.3d 257, 263-64 (Tex. App.--Dallas 2003, no pet.). It is an affirmative defense
to tax liability that the person against whom the tax is assessed was not the owner of
the property at the time of assessment. Tex. Tax Code Ann. § 42.09(b)(1) (Vernon
2004). It has also been held that a person holding a lien or other security upon the
property is not an owner for tax purposes. Comerica Acceptance Corp. v. Dallas
Cent. Appraisal Dist., 52 S.W.3d 495, 497 (Tex. App.--Dallas 2001, pet. denied).

 Here, the taxing units attached certified copies of their tax records to their
motions for summary judgment thus establishing their prima facie case. In response,
Excel asserted the affirmative defense that it was not the owner of the vehicles
because its leases should be interpreted as security agreements; therefore, the lessees
are the actual owners of the vehicles. Excel did not dispute the amount of taxes or
any aspect of the levy of the taxes. Its only dispute is whether it can be taxed as the
owner of the vehicles. The taxing units argue that, because Excel is the owner of the
property and not merely a lienholder or a secured party as it claims to be, Excel is
personally liable for the property taxes imposed. 

 The Texas Business and Commerce Code controls the determination of whether
a transaction in the form of a lease creates a lease or security interest. Tex. Bus. &
Com. Code Ann. § 1.203 (Vernon Supp. 2005). Section 1.203 provides

 Lease Distinguished From Security Interest

 (a) Whether a transaction in the form of a lease creates a lease or
security interest is determined by the facts of each case.


 (b) A transaction in the form of a lease creates a security interest if
the consideration that the lessee is to pay the lessor for the right
to possession and use of the goods is an obligation for the term of
the lease and is not subject to termination by the lessee, and:


 (1) the original term of the lease is equal to or greater than the
remaining economic life of the goods;


 (2) the lessee is bound to renew the lease for the remaining
economic life of the goods or is bound to become the
owner of the goods;


 (3) the lessee has an option to renew the lease for the
remaining economic life of the goods for no additional
consideration or for nominal additional consideration upon
compliance with the lease agreement; or 


 (4) the lessee has an option to become the owner of the goods
for no additional consideration or for nominal additional
consideration upon compliance with the lease agreement.


Id. All of these four tests focus on economics, not the intent of the parties. In re
Berge, 32 B.R. 370, 371-73 (Bankr. W.D. Wis. 1983) (UCC Comment 2). To qualify
as a security agreement, the transaction must not be subject to termination by the
lessee and must meet at least one of the four listed factors. Tex. Bus. & Com. Code
Ann. § 1.203(b).

 Excel's "Motor Vehicle Lease Agreements," paragraphs 23 and 24 provide as
follows:

 23. LEASE TERMINATION: This Lease will end ("terminate")
when one of the following events occurs, whichever happens
first: (a) You choose to end this Lease early and return the
Vehicle to us; . . .


 24. EARLY TERMINATION: This section applies if the Lease
terminates before the end of the scheduled Lease term. . . . On
early termination, you will return the Vehicle to us. You will
deliver it to our address or to another reasonable location at our
request.


 (a) Early Termination Liability. On early termination, you
agree to pay us:


 (1) A VEHICLE RETURN FEE, if any, given in section
28(b);


 (2) All accrued and unpaid amounts that are due or past
due at that time . . . ;


 (3) The amount by which the "Adjusted Lease Balance"
is greater than the "Realized Value: [sic] of the
Vehicle. . . . and ;


 (4) All official fees and taxes imposed in connection
with the Lease termination.


Excel's leases expressly provide that they are subject to termination by the lessee. 
Accordingly, Excel's affirmative defense of nonownership based on its claim that its
leases with its customers were security agreements fails as a matter of law. See Tex.
Bus. & Com. Code Ann. § 1.203(b). 

 We hold that, because the taxing units' production of certified copies of tax
records or tax statements constituted prima facie evidence of all the elements in their
petitions and Excel's affirmative defense of nonownership failed, there is no genuine
issue of material fact for the trial court to determine in this case. Excel failed to rebut
the taxing units' prima facie case of ownership. We overrule Excel's issue one.

Fact Question

 In issue two, Excel contends that the trial court erred in finding that there was
no genuine issue as to any material fact as to ownership of the vehicles.

 Once the movant establishes that it is entitled to summary judgment, the non-movant can defeat that showing only by producing evidence that raises a fact issue. 
Haight v. Savoy Apartments, 814 S.W.2d 849, 851 (Tex. App.--Houston [1st Dist.]
1991, writ denied). "To constitute competent summary judgment evidence, affidavits
must be made on personal knowledge, set forth facts as would be admissible in
evidence and show affirmatively that the affiant is competent to testify to matters
stated therein." Tex. R. Civ. P. 166a(f).

 Larry Tschoerner, Excel's general manager and finance director, submitted an
affidavit in which he testified that Excel's customers were responsible for paying the
taxes on their vehicles. The majority of Tschoerner's affidavit addressed the four
factors listed in section 1.203 of the Texas Business and Commerce Code. Having
already held that Excel's leases expressly provide that they are subject to termination
by the lessee--the prerequisite to considering the four additional factors--we need
not examine Tschoerner's affidavit pertaining to these four factors. The affidavit
further states that, "in addition, pursuant to the terms of the agreement, these
agreements could not be terminated by a customer." This is contrary to the plain
language of the agreement.

 Whether a contract is ambiguous is a question of law. Gulf Ins. Co. v. Burns
Motors, Inc., 22 S.W.3d 417, 423 (Tex. 2000). If a contract is determined to be
ambiguous, then a court may consider extraneous evidence to ascertain the true
meaning of the instrument. Nat'l Union Fire Ins. Co. v. CBI Indus., Inc., 907 S.W.2d
517, 520 (Tex. 1995). Here, neither party has claimed ambiguity in the subject lease
agreements. Accordingly, we may not consider Tschoerner's testimony that changes
the plain language of the lease agreements, as noted above.

 We hold that there are "no genuine issues as to any material fact as to
ownership of the vehicles." We overrule issue two.

Conclusion


 Because Excel failed to raise a material fact issue refuting the ownership of the
vehicles, we hold that the trial court did not err in denying Excel's summary
judgment. We affirm the trial court's judgment.

 


 George C. Hanks, Jr.

 Justice


Panel consists of Justices Taft, Keyes, and Hanks.

1. Excel Lease Fund, Inc. as successor in interest to BLJ & Associates, Inc. d/b/a Excel
Financial Company is not a party to this appeal.