Kirk WATSON and Mike
Head, Plaintiffs,

v.

**LAW ENFORCEMENT ALLIANCE OF AMERICA, INC., the Undisclosed Corporate Contributor John Does, John Doe Conspirators, and John Colyandro, Defendants.**

No. A–04–CA–691–LY.

United States District Court,
W.D. Texas,
Austin Division.

Sept. 6, 2005.

---

87. Docket entry no. 20.

Randall Buck Wood, Doug W. Ray, Ray, Wood & Bonilla LLP, Austin, TX, for Kirk Watson, Mike Head, plaintiffs.

Thomas W. Kirby, Wiley, Rein, et al, Washington, DC, Gregory Scott Coleman, Christian J. Ward, Weil, Gotshal & Manges LLP, Austin, TX, Caleb P. Burns, Wiley Rein & Fielding, Washington, DC, for Law Enforcement Alliance of America, Inc., The Undisclosed Corporate Contributor John Does, John Doe Conspirators, defendants.

Mike Thompson, Jr., Wright & Greenhill, Austin, TX, for John Colyandro, defendant.

## ORDER

YEAKEL, District Judge.

Before the Court are Plaintiffs' Motion to Remand filed November 24, 2004 (Doc. # 11), and Defendant Law Enforcement Alliance of America, Inc.'s Opposition to Plaintiffs' Motion to Remand filed December 7, 2004 (Doc. # 12). A hearing on the motion was held before the Court on March 10, 2005. After reviewing the motion, response, relevant case law, arguments of counsel, and the record in this cause, the Court makes the following findings.

## I. BACKGROUND

On September 27, 2004, Plaintiffs Kirk Watson ("Watson") and Mike Head ("Head") filed a petition in the 200th Judicial District Court of Travis County, Texas, alleging that Defendants Law Enforcement Alliance of America, Inc. ("LEAA"), the Undisclosed Corporate Contributor John Does, John Doe Conspirators, and John Colyandro ("Colyandro") violated the Texas Election Code by using corporate funds to influence election contests in which Plaintiffs were engaged.[1] In their

---

1. Watson was the Democratic Party's nominee for Texas Attorney General in the 2002 general election. Head was the Democratic Party's nominee for Texas State Representative, District Four, in the same election. Each lost to his Republican Party opponent.

petition, Plaintiffs claim that LEAA, Colyandro, and other John Doe Conspirators violated section 253.094(a) of the Texas Election Code, which prohibits political expenditures and campaign contributions made from corporate funds. TEX. ELEC. CODE § 253.094(a) (West 2003). Plaintiffs allege that LEAA accepted contributions from the treasuries of for-profit corporations to use to finance political advertising intended to oppose Plaintiffs' candidacies and to support Plaintiffs' opponents. Plaintiffs further allege that a major purpose of LEAA was to elect certain Texas Republican candidates during the 2002 general election that would further the interests of the for-profit corporations that contributed money to it, and that the specific political advertisements that are the subject of the lawsuit were illegally funded with these corporate profits.

On October 25, 2004, LEAA removed the cause to this Court on the ground of diversity, alleging that Defendant Colyandro was improperly joined to defeat diversity.

## II. STANDARD OF REVIEW

 A case may be removed to federal court if the action is one over which the federal court possesses subject-matter jurisdiction. *See* 28 U.S.C. § 1441(a). In determining whether jurisdiction is present for removal, the federal court looks to the claims in the state-court petition as they existed at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir.1995). A suit between diverse parties may be adjudicated in a federal forum only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *See St. Paul Reinsurance Co. v. Green-*

*berg*, 134 F.3d 1250, 1253 (5th Cir.1998). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995) (removing party bears burden of showing existence of federal jurisdiction and propriety of removal). "Relatedly, a district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been *improperly* or *collusively* joined to manufacture federal diversity jurisdiction." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir.2004) (*en banc*) (citing 28 U.S.C. § 1359).

## III. DISCUSSION

Plaintiffs Watson and Head are citizens of Texas, as is Defendant Colyandro. Defendant LEAA is a citizen of Virginia. LEAA removed this cause to federal court on the basis of diversity of citizenship, arguing the joinder of Colyandro as a defendant was improper because Plaintiffs have not alleged any facts demonstrating a claim against him.

In their motion to remand, Plaintiffs assert that they will show at trial that LEAA, Colyandro, and other John Doe Contributors "coordinated with each other in such a manner as to create an unlawful combination whereby, at the solicitation of Colyandro and with his knowledge and consent, LEAA violated the Texas Election Code by making illegal corporate political expenditures and illegal corporate campaign contributions in an effort to influence Plaintiffs' elections." In response, LEAA asserts that on its face Plaintiffs' petition does not allege such grounds for suing Colyandro. LEAA argues that Plaintiffs' petition fails to allege, even in the most conclusory terms, that Colyandro knew the source of LEAA's funds, knew or intended that the funds would be expended in a way that violated Texas law, or knew or intended that LEAA would not file

whatever reports were required. An intent to agree and the formation of an agreement, LEAA contends, are essential elements of a claim under Texas law for civil conspiracy. *See Juhl v. Airington,* 936 S.W.2d 640, 644 (Tex.1996).

■ In order to prove that a nondiverse defendant was improperly joined in a case to defeat diversity jurisdiction, the removing party must show either: (1) that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts; or (2) that there is absolutely no possibility that the plaintiff would be able to recover against the nondiverse defendant in state court. *See Smallwood,* 385 F.3d at 573; *Travis v. Irby,* 326 F.3d 644, 646–47 (5th Cir.2003). Since the citizenship of the parties in this case is undisputed, only the second required showing is before this Court. Thus, the test for improper joinder in this case is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood,* 385 F.3d at 573.

■ There must be a reasonable basis for predicting that Plaintiffs might be able to establish Colyandro's "liability *on the pleaded claims* in state court." *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir.1999) (emphasis added). Improper joinder occurs where a plaintiff has failed to plead under state law "any specific actionable conduct" against the nondiverse defendant. *See id.* This Court may use a "summary judgment-like procedure" to review improper joinder claims. *Id.* at 700. *See also Wingate v. Kerr–McGee Rocky Mountain Corp.* 353 F.Supp.2d 779, 782 (E.D.Tex.2005). Although the Fifth Circuit frequently has cautioned the district courts against pretrying a case to determine removal jurisdiction, it has granted district courts the authority to consider "summary judgment-type evidence such as affidavits and deposition testimony" when reviewing an improper-joinder claim. *Cavallini,* 44 F.3d at 263. *See also Griggs,* 181 F.3d at 700. Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court. *Cavallini,* 44 F.3d at 263. In this case, the central question is whether Plaintiffs have pleaded a cause of action against Defendant Colyandro for civil conspiracy under Texas law that has a reasonable probability of being sustained in state court. Under *Erie Railroad Co. v. Tompkins,* a federal court must apply state law to cases not governed by federal law. 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Because this Court's jurisdiction is based upon diversity of citizenship, *Erie* dictates that this Court apply Texas law. *Cf. Ramming v. Natural Gas Pipeline Co. of America,* 390 F.3d 366, 372 (5th Cir.2004) (applying Texas law to determine proper construction of gas royalty provisions). In so doing, this Court will resolve any contested issues of material fact and any ambiguity or uncertainty in the controlling state law in favor of Plaintiffs. *See Griggs,* 181 F.3d at 699.

■ Under Texas law, the elements of civil conspiracy are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex.1983). The Texas Supreme Court has repeatedly defined civil conspiracy as "a combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means." *See id.* The ele-

ments of the cause of action must be taken in the context of this basic definition stating that the object to be accomplished, or means by which accomplished, is unlawful. *See id.* Thus, the "gist of a civil conspiracy" is the injury that is intended to be caused. *Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp.*, 435 S.W.2d 854, 856 (Tex.1968). One "cannot agree, either expressly or tacitly, to the commission of a wrong which he knows not of." *Id.* at 857. *See also Triplex Communications, Inc. v. Riley,* 900 S.W.2d 716, 719–20 (Tex.1995).

 This Court is limited by the allegations as expressed in Plaintiffs' state-court petition. *See Griggs,* 181 F.3d at 699. Plaintiffs' petition alleges that "[o]n information and belief, LEAA, through Colyandro, coordinated its expenditures of corporate funds with representatives of the candidate campaigns that opposed Plaintiffs." The petition's only other mention of Colyandro is pleaded "[a]dditionally, and in the alternative" and alleges that LEAA and Colyandro violated the Texas Election Code "by making corporate political expenditures ... [and] in-kind corporate contributions" to or on behalf of Plaintiffs' opponents. However, these conclusions are not supported by any factual allegation against Colyandro, other than his alleged activity in coordinating LEAA's expenditures of corporate funds. Even giving Plaintiffs' pleading of the facts and claims involving Colyandro a liberal and broad reading, as this Court must, *see id.,* this Court's review reveals no allegation that Colyandro's action in coordinating LEAA's expenditures was done with knowledge or intent to commit an unlawful act. As pleaded, Colyandro's liability under Texas law, if any, would flow only from LEAA's alleged violations of the Texas Election Code. Plaintiff's petition fails to allege any facts that Colyandro intentionally or even knowingly violated the applicable sections of the Texas

Election Code, let alone that he intended to agree to accomplish an unlawful purpose or accomplish a lawful purpose by unlawful means with LEAA. The statement of fact that he "coordinated [LEAA's] expenditures of corporate funds with representatives of the candidate campaigns that opposed Plaintiffs" does not sufficiently allege a knowing and intentional agreement with LEAA to commit an unlawful act. Further, the Court has not found, and Plaintiffs have failed to direct this Court to, any authority indicating that "coordination" is a violation of Texas law.

 Plaintiffs come closer to the mark in their "Motion to Remand." However, the allegations in the motion are not the summary-judgment-type evidence that may be considered by the Court post removal. The motion is not affidavit or deposition testimony that clarifies or amplifies the claims actually alleged in Plaintiffs' state-court petition. *See id.* at 700 (citing *Cavallini,* 44 F.3d at 262–63). To defeat LEAA's claims of improper joinder, Plaintiffs must present in their petition at least an outline of the liability of each Defendant. Here, Plaintiffs' petition does no more than present this Court with a series of dots that Plaintiffs invite the Court to connect to reveal such an outline. The allegations in the petition fall short of what is required for notice pleading under Texas law. *See id.* at 699. The "mere theoretical possibility" that Plaintiffs might have some hope of recovery is not enough to preclude a finding of improper joinder. *See Smallwood,* 385 F.3d at 573. Plaintiffs' petition must plead facts to support Plaintiffs' prayer for relief. As pleaded, Plaintiffs petition in this cause does not.

## IV. CONCLUSION

Because Plaintiffs have failed to state a claim against Colyandro, this Court concludes that he was improperly joined.

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Remand filed November 24, 2004 (Doc. # 11) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs shall file and serve on or before September 20, 2005, an amended complaint that complies with the rules of federal pleading found in the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that Defendants shall file and serve on or before September 30, 2005, their responses to Plaintiffs' amended complaint.

IT IS FINALLY ORDERED that the parties shall submit a proposed agreed scheduling order to the Court no later than 5:00 p.m., October 7, 2005.