**Kirk WATSON and Mike Head, Plaintiffs,**

v.

**LAW ENFORCEMENT ALLIANCE OF AMERICA, INC., The Undisclosed Corporate Contributor John Does, and John Doe Conspirators, Defendants.**

**No. A–04–CA–691–LY.**

United States District Court, W.D. Texas, Austin Division.

Sept. 5, 2006.

Daniel W. Bishop, II, Bishop London Brophy & Dodds PC, Austin, for Kirk Watson, Plaintiff.

Caleb P. Burns, Wiley Rein & Fielding, Washington, DC, for John Doe Conspirators, Law Enforcement Alliance of America, Inc., The Undisclosed Corporate Contributor John Does, Defendants.

Gregory Scott Coleman, Weil, Gotshal Manges, LLP, Austin, for John Doe Conspirators, Law Enforcement Alliance of America, Inc., The Undisclosed Corporate Contributor John Does, Defendants.

Thomas W. Kirby argued before Ct. on behalf of LEAA, Wiley, Rein, et al, Washington, DC, for John Doe Conspirators, Law Enforcement Alliance of America, Inc., The Undisclosed Corporate Contributor John Does, Defendants.

Doug W. Ray argued before Court on behalf of Plaintiffs, Ray Wood & Bonilla, LLP, Austin, for Kirk Watson, Mike Head, Plaintiffs.

T. Mark Rogstad, Wright & Greenhill P C, Austin, John Colyandro, Defendant.

Mike Thompson, Jr., Wright & Greenhill, Austin, for John Colyandro, Defendant.

Christian J. Ward, Weil, Gotshal & Manges LLP, Austin, for John Doe Conspirators, Law Enforcement Alliance of America, Inc., The Undisclosed Corporate Contributor John Does, Defendants.

Randall Buck Wood, Ray, Wood & Bonilla LLP, Austin, for Kirk Watson, Mike Head, Plaintiffs.

## *ORDER*

YEAKEL, District Judge.

Before the Court are Plaintiffs' Motion to Join John Colyandro as an Additional Defendant (Doc. # 34); Defendant's Opposition to Plaintiffs' Motion to Join John Colyandro as an Additional Defendant (Doc. # 39); Defendant LEAA's Motion to Dismiss (Doc. # 38); Plaintiffs' Response to Defendant LEAA's Motion to Dismiss (Doc. # 40); and Defendant LEAA's Reply to Plaintiffs' Opposition to Motion to Dismiss (Doc. # 41). A hearing on the motions was held before the Court on March 27, 2006. Following the hearing, the parties filed the following post-hearing submissions for the Court's consideration: Plaintiffs' Post–Hearing Brief (Doc. # 46); Defendant LEAA's Post–Hearing Brief (Doc. # 49); Defendant LEAA's Notice of Supplemental Authority (Doc. # 52); Plaintiffs' Response to Defendant LEAA's Notice of Supplemental Authority (doc. # 53); Defendant LEAA's Reply Regarding Supplemental Authority (Doc. # 54); Defendant LEAA's [Second] Notice of Supplemental Authority (Doc. # 56); and

Defendant LEAA's [Third] Notice of Supplemental Authority (Doc. # 57). On August 17, 2006, Plaintiffs' filed their Third Amended Complaint. In response, Defendant LEAA filed its Supplemental Opposition to Plaintiffs' Motion to Join John Colyandro as an Additional Defendant on August 31, 2006. After reviewing the motions, responses, replies, post-hearing submissions, relevant case law, arguments of counsel, and the record in this cause, the Court makes the following findings.

## I. BACKGROUND

On September 27, 2004, Plaintiffs Kirk Watson ("Watson") and Mike Head ("Head") filed a petition in the 200th Judicial District Court of Travis County, Texas, alleging that Defendants Law Enforcement Alliance of America, Inc. ("LEAA"), the Undisclosed Corporate Contributor John Does, John Doe Conspirators, and John Colyandro ("Colyandro") violated the Texas Election Code by using corporate funds to influence election contests in which Plaintiffs were engaged.[1] In their petition, Plaintiffs claimed that LEAA, Colyandro, and other John Doe Conspirators violated section 253.094(a) of the Texas Election Code, which prohibits political expenditures and campaign contributions made from corporate funds. TEX. ELEC. CODE § 253.094(a) (West 2003). Plaintiffs alleged that LEAA accepted contributions from the treasuries of for-profit corporations to use to finance political advertising intended to oppose Plaintiffs' candidacies and to support Plaintiffs' opponents. Plaintiffs further alleged that a major purpose of LEAA was to elect certain Texas Republican candidates during the 2002 general election that would further the interests of the for-profit corporations that contributed money to it, and

that the specific political advertisements that are the subject of the lawsuit were illegally funded with these corporate profits.

On October 25, 2004, LEAA removed the cause to this Court on the ground of diversity, alleging that Defendant Colyandro was improperly joined to defeat diversity. Plaintiffs Watson and Head filed a motion to remand, which the Court denied on the ground that the allegations in Plaintiffs' petition fell short of what is required for notice pleading under Texas law. *Watson v. Law Enforcement Alliance of America, Inc.*, 386 F.Supp.2d 874 (W.D.Tex. 2005). The Court subsequently granted LEAA's motion to dismiss Colyandro as a party and ordered Plaintiffs to file an amended complaint in compliance with the Court's Order.

Now before the Court are Plaintiffs' motion to join Colyandro as an additional defendant and Defendant LEAA's motion to dismiss. In response to the Court's Order of August 15, 2006, Plaintiffs have filed a Third Amended Complaint for the Court's consideration in ruling on their motion to join Colyandro.

## II. DISCUSSION

When a plaintiff seeks joinder of a non-diverse defendant after removal, the Court has two options (1) deny the joinder, or (2) permit the joinder and destroy diversity of citizenship of the parties requiring remand to state court. *See* 28 U.S.C. § 1447(e). Subsection (e) of section 1447 provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Fifth Circuit has

---

1. Watson was the Democratic Party's nominee for Texas Attorney General in the 2002 general election. Head was the Democratic Party's nominee for Texas State Representative, District Four, in the same election. Each lost to his Republican Party opponent.

advised district courts to closely scrutinize an amendment which would destroy subject-matter jurisdiction and that justice requires the consideration of a number of factors to determine if the amendment should be permitted. *See Hensgens v. Deere & Co.,* 833 F.2d 1179, 1182 (5th Cir.1987); *see also Doleac v. Michalson,* 264 F.3d 470, 474 (5th Cir.2001); *Cobb v. Delta Exports, Inc.,* 186 F.3d 675, 677 (5th Cir.1999).

■ In *Hensgens,* the Fifth Circuit outlined four factors that the district court should, in its discretion, consider when a plaintiff seeks joinder of a nondiverse defendant after removal: (1) the extent to which the purpose of the amendment of the complaint is to defeat federal jurisdiction; (2) the degree of dilatory conduct on the part of the plaintiff; (3) the risk of significant injury to the plaintiff if the amendment is not allowed; and (4) any other equitable considerations. 833 F.2d at 1182. The purpose of weighing these factors, according to *Hensgens,* is to balance the defendants' interest in maintaining a federal forum against the plaintiff's interest in avoiding multiple and parallel litigation. *Id.*

■ The first *Hensgens* factor is the extent to which joinder of Colyandro, a nondiverse party, is sought to defeat diversity jurisdiction. *Id.* It is clear that Plaintiffs sought to include Colyandro in this litigation from the beginning. At the time of removal, Colyandro was a named defendant in this action. He was dismissed on the ground that Plaintiffs failed to sufficiently allege a claim against him. *Watson,* 386 F.Supp.2d at 878. Defendant LEAA asserts that had Plaintiffs been serious about imposing liability on Colyandro, their original petition would have sufficiently alleged a claim. Thus, LEAA argues, the present motion is simply a part of a continuing effort to destroy diversity jurisdiction. The Court disagrees. Plain-

tiffs have consistently attempted to assert claims against Colyandro. Their Third Amended Complaint, submitted in response to this Court's Order, specifically alleges facts against Colyandro sufficient to overcome a motion to dismiss. Therefore, the Court concludes that the first factor weighs in favor of joinder.

The second *Hensgens* factor is whether Plaintiffs have been dilatory in seeking the amendment. 833 F.2d at 1182. LEAA asserts that Plaintiffs waited over a year after the cause was removed to assert their current argument in favor of joinder. LEAA is correct about the amount of time that has passed, but the Court notes that although they have been unsuccessful, Plaintiffs have continuously sought to assert claims against Colyandro. Plaintiffs filed their motion to join Colyandro only two weeks after he was dismissed. Moreover, Plaintiffs' continued efforts to pursue their claims against Colyandro is further evidenced by the state-court action they filed against him after he was dismissed from this cause. Thus, the second factor also favors Plaintiffs.

The third *Hensgens* factor is whether Plaintiffs would be significantly injured if they are not permitted to amend the complaint to add Colyandro as a defendant. 833 F.2d at 1182. The Court believes that Plaintiffs will be prejudiced by being forced to litigate two separate suits, one in state court and one in federal court, based on the same set of facts in order to pursue their claims against all the parties involved. LEAA argues that it will be prejudiced by the delay caused by remand. The Court disagrees. The proceedings will not be delayed by remand, but will continue in state court as it would in this Court. In addition, Plaintiffs will have the opportunity to seek consolidation of its related suit against Colyandro and proceed

with one cause of action. The third factor also weighs in favor of Plaintiffs.

Lastly, the fourth *Hensgens* factor requires the Court to weigh any other equitable considerations that would affect the amendment. 833 F.2d at 1182. Allowing a single fact finder to determine Plaintiffs' common claims against LEAA and Colyandro is not only more efficient but also in the interest of justice. The burden of requiring common claims based upon the same factual allegations to be tried separately in both state and federal court far outweighs LEAA's strong interest in its choice of a federal forum. Therefore, the Court finds that the fourth and final factor weighs in favor of Plaintiffs.

The Court concludes that under the circumstances of this cause the balance of the equities favors granting Plaintiffs' motion to join Colyandro as a defendant. With the addition of Colyandro as a defendant in this cause, diversity jurisdiction is destroyed. Accordingly, this Court has the authority to remand this case *sua sponte* due to the lack of diversity in this cause.[2]

### III. CONCLUSION

**IT IS ORDERED** that Plaintiffs' Motion to Join John Colyandro as an Additional Defendant (Doc. # 34) is **GRANTED.** Plaintiffs' Third Amended Complaint filed on August 17, 2006 (Doc. # 59) is accepted by the Court as part of the record in this cause. With the addition of Colyandro as Defendant in this cause, diversity jurisdiction is destroyed due to the fact that Colyandro is a resident of Texas. Accordingly, the Court *sua sponte* **REMANDS** this action to the 200th Judicial District Court of Travis County, Texas.

In light of the Court's remand of this action, Defendant LEAA's Motion to Dismiss

---

2. Having ruled in favor of Plaintiffs in joining John Colyandro as a defendant, thereby destroying jurisdiction, the Court need not address Defendant Law Enforcement Alliance of

miss (Doc. # 38) is **DISMISSED WITHOUT PREJUDICE** to refiling in state court.

America, Inc.'s motion to dismiss and will dismiss the motion. Following remand, the motion may be refiled in state court.