Maria Olivia **MARTINEZ**, Plaintiff,

v.

Philip **HOLZKNECHT**,
**M.D., Defendant.**

Civil Action No. L–09–0135.

United States District Court,
S.D. Texas,
Laredo Division.

March 15, 2010.

Joseph A. Monahan, Attorney at Law, Laredo, TX, for Plaintiff.

Laura Anne Cavaretta, Plunkett & Gibson, San Antonio, TX, for Defendant.

## MEMORANDUM AND ORDER

J. SCOTT HACKER, United States Magistrate Judge.

Pending before the Court is "Plaintiff's Motion for Leave to Amend." (Dkt. No. 3). After review of the motion, the governing law, and the facts of this case, the Court DENIES the motion.

## I. BACKGROUND

On November 13, 2009, Plaintiff filed the underlying medical negligence cause of action against Defendant Philip Holzknecht, M.D. ("Dr. Holzknecht") in the 111th Judicial District Court of Webb County, Texas. (Dkt. No. 1 at "Plaintiff's Original Petition"). Plaintiff's claims against Dr. Holzknecht arise out of a September 17, 2007 surgery to replace her right knee. (Id. at ¶¶ 8, 12). Dr. Holzknecht performed the surgery at Doctors Hospital of Laredo

("Doctors Hospital"). (Id. at ¶ 12). In her petition, Plaintiff alleges that during the surgery, Dr. Holzknecht severed her external peroneal nerve, "causing permanent nerve damage and nearly complete loss of control over her right foot." (Id. at ¶ 8). On October 27, 2009, approximately three weeks prior to filing her original petition in state court, Plaintiff underwent a second knee surgery. (Id.). According to Plaintiff, the doctor who performed this subsequent surgery informed her that the pain and inflammation she was suffering resulted from her knee replacement being the wrong size. (Dkt. No. 8 at pg. 2). In her original petition, Plaintiff claims that Dr. Holzknecht was negligent in using a knee replacement that was the wrong size for Plaintiff. (Dkt. No. 1 at "Plaintiff's Original Petition," ¶ 10).

On December 4, 2009, Dr. Holzknecht filed his "Plea in Abatement, Special Exceptions and Original Answer Subject Thereto" in state court. (Dkt. No. 1 at "Philip Holzknecht, M.D.'s Plea in Abatement, Special Exceptions and Original Answer Subject Thereto"). Dr. Holzknecht states in paragraph two of his answer that, "Defendant would show that Plaintiff's injuries and damages, if any, were caused by the negligence of third parties over which this Defendant had no control." (Id. at Answer, ¶ 2). Subsequently, on December 11, 2009, Dr. Holzknecht filed his notice of removal to this Court, invoking removal jurisdiction on the grounds that the parties are diverse in citizenship and the amount in controversy exceeds $75,000. (Dkt. No. 1); see 28 U.S.C. § 1332(a).[1]

On January 11, 2010, Plaintiff filed her motion for leave to amend her complaint to add Doctors Hospital as a defendant to the

---

1. Plaintiff is a citizen of the State of Texas and Dr. Holzknecht is a citizen of the State of Virginia. (Dkt. No. 1 at ¶¶ 1–2). Moreover, Dr. Holzknecht asserts in his notice of removal that based on the allegations contained in

Plaintiff's state-court petition and Plaintiff's $500,000 settlement demand, the amount in controversy exceeds the $75,000 statutory minimum. (Id. at ¶ 4).

instant suit. (Dkt. No. 3). Specifically, Plaintiff claims that Doctors Hospital acted negligently in using a knee replacement that was the wrong size during Plaintiff's September 17, 2007 surgery. (*Id.*). According to Plaintiff, she was not aware of her potential claim against Doctors Hospital until after she had her second knee surgery on October 27, 2009. (*Id.* at ¶ 1). Moreover, Plaintiff argues that Dr. Holzknecht's assertion of third party liability in his answer supports Plaintiff's claim that Doctors Hospital should be included as a defendant. (*Id.* at ¶ 4).

On January 12, 2010, Dr. Holzknecht filed his response to the instant motion.[2] (Dkt. No. 4). Dr. Holzknecht argues that joinder of Doctors Hospital is barred by the applicable statute of limitations. (*Id.* at ¶¶ 2–5). Moreover, Dr. Holzknecht objects to Plaintiff's continued assertion of *res ipsa loquitur* on the grounds that the doctrine does not apply to this health care liability claim.[3] (*Id.* at 6). However, both Plaintiff and Dr. Holzknecht failed to specifically address the fact that Plaintiff's joinder of Doctors Hospital, a Texas corporation, would destroy diversity of citizenship and result in remand of this case to state court for lack of subject matter jurisdiction.[4] During the Court's February 10, 2010 hearing, the Court ordered Plaintiff to file a supplement to her motion for leave to amend, detailing why the Court should grant her request to join a non-diverse party and remand the case to state court. Accordingly, "Plaintiff's Brief in Support of Motion for Leave to Amend" was timely filed on February 16, 2010. (Dkt. No. 8). Dr. Holzknecht filed his "Reply and Opposition to Plaintiff's Brief in Support of Motion for Leave to Amend" on February 22, 2010. (Dkt. No. 9).

## II. ANALYSIS

### A. Joinder of Nondiverse Defendant After Removal

Generally, under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). However, the court retains discretion to grant or deny a plaintiff's joining of additional defendants if joinder would destroy the court's subject matter jurisdiction. *See* 28 U.S.C. § 1447(e); *see also, Bevels v. American States Ins. Co.*, 100 F.Supp.2d 1309, 1312 (M.D.Ala.2000) (explaining that 28 U.S.C. § 1447(e), rather than Rule 15(a), applies when a plaintiff seeks to amend a complaint to destroy diversity jurisdiction after removal).

■ Title 28 U.S.C., Section 1447(e) states the following: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the

---

**2.** In his response, Dr. Holzknecht requested that Plaintiff's motion for leave to amend her complaint be denied for her failure to attach a copy of her proposed amended complaint. (Dkt. No. 4 at ¶¶ 2–6). However, in addition to asserting substantive arguments for denying Plaintiff's motion, Dr. Holzknecht attached a copy of the proposed amended complaint to his response. (*Id.* at ¶ 2). Accordingly, the Court will analyze Plaintiff's motion for leave to amend on the merits.

**3.** The issue of whether Plaintiff can use the doctrine of *res ipsa loquitur* to prove proximate cause is not properly before the Court at this time. Plaintiff's assertion of the doctrine of *res ipsa loquitur* was included in both her original petition, as well as her proposed amended complaint. As such, whether *res ipsa loquitur* applies to the instant case is not at issue in Plaintiff's request for leave to amend her original petition.

**4.** "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258 (5th Cir.1988) (citing 28 U.S.C. § 1332(c)).

action to the State court." 28 U.S.C. § 1447(e). The decision between these two options rests squarely within the discretion of the district court. *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir.2005). In exercising its discretion, the court must balance "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" against the diverse defendant's "interest in retaining the federal forum." *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987). To guide courts in weighing these competing interests, the Fifth Circuit Court of Appeals set forth the following four *"Hensgens"* factors: 1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; 2) whether the plaintiff has been dilatory in asking for an amendment; 3) whether the plaintiff will be significantly injured if the amendment is not allowed; 4) and any other factors bearing on the equities. *See Hawthorne*, 431 F.3d at 227 (citing *Hensgens*, 833 F.2d at 1182); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1029 and 1029 n. 11 (5th Cir.1991) (indicating that a trial court's discretion under Section 1447(e) should be tempered by the standards set out in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987)).

B. Application of the Hensgens Factors

1. *Whether the primary purpose of the amendment is to defeat diversity jurisdiction*

■ The first factor that the Court should consider under *Hensgens* is "the extent to which the purpose of the amendment is to defeat federal jurisdiction." *Hensgens*, 833 F.2d at 1182. Often,

where a plaintiff has a cognizable cause of action against the nondiverse defendant, and there is no other indication that a plaintiff is attempting to defeat federal jurisdiction, courts have found that the primary purpose of amendment was not to defeat federal jurisdiction. *See e.g., Tillman*, 929 F.2d at 1029; *Medellin v. General Motors Corp.*, 2007 WL 4570063, at *1 (S.D.Tex. Dec. 26, 2007); *Watson v. Law Enforcement Alliance of Am. Inc.*, 451 F.Supp.2d 870, 873 (W.D.Tex.2006); *see also, Holstine v. DaimlerChrysler Corp.*, 2007 WL 4611914, *2 (S.D.Tex. Dec. 17, 2007) (noting that *Tillman* acknowledges that the validity of the cause of action is an indicator of whether the principal purpose of the proposed joinder is to defeat jurisdiction). However, where a plaintiff knew or should have known the identity of the nondiverse defendant at the time of the lawsuit's original filing in state court, many courts have viewed this scenario with much suspicion and have suggested and/or determined that a plaintiff's effort was, in fact, to frustrate diversity jurisdiction. *See Walicek v. Mutual Protective Ins. Co.*, 2009 WL 562603, at *2 (S.D.Tex. Mar. 4, 2009); *Dal–Tile Corp. v. Zurich Am. Ins. Co.*, 2002 WL 1878377, *2 (N.D.Tex. Aug. 13, 2002); *In re Norplant Contraceptive Prods. Liab. Litig.*, 898 F.Supp. 429, 431 (E.D.Tex.1995); *Horton v. Scripto–Tokai Corp.*, 878 F.Supp. 902, 908–909 (S.D.Miss.1995); *O'Connor v. Automobile Ins. Co. of Hartford*, 846 F.Supp. 39, 41 (E.D.Tex.1994). Further, a plaintiff seeking to add a nondiverse defendant shortly after removal, but prior to any additional discovery, is further indication that the amendment is sought for the purpose of defeating diversity.[5] *See Mayes v.*

---

5. However, at least one district court in the Fifth Circuit has reasoned that an amendment sought shortly after removal is not indicative of a plaintiff's intent to defeat diversity where it is clear that the plaintiff sought to include

the defendant in the litigation from the beginning. *See Watson v. Law Enforcement Alliance of Am. Inc.*, 451 F.Supp.2d 870, 873 (W.D.Tex.2006) (remanding case where non-

*Rapoport,* 198 F.3d 457, 463 (4th Cir. 1999).

Here, according to Plaintiff, she "has only recently discovered, *subsequent to a second knee replacement surgery,* that Doctor's [sic] Hospital of Laredo may also be negligent in relation to her first knee replacement surgery." (Dkt. No. 3 at ¶ 1) (emphasis added). Counsel further claims, that initially, Plaintiff's "complaint was limited to a claim of negligence against Philip Holzknecht, MD, for injuries arising out of his negligence in cutting the external peroneal nerve, causing injuries to Plaintiff...." (*Id.* at ¶ 2). Plaintiff explains to the Court that she did not learn of her potential claim concerning the actual size of the knee replacement until she had her second surgery—approximately three weeks prior to the filing of her original petition in state court. (*See id.* at ¶ 3). Further, Plaintiff informs the Court that she only recently received her medical records from the second knee surgery, which support her contention that the knee replacement was the wrong size.[6] (Dkt. No. 8 at pg. 2). In response to Plaintiff's motion, Dr. Holzknecht claims that Plaintiff "was on notice that the case was subject to removal on diversity grounds," and that "[i]t was only after the case was removed to Federal Court that Plaintiff decided to name Doctor's [sic] Hospital as a Defendant." (Dkt. No. 9 at ¶ 10)

While Plaintiff sets out a cognizable cause of action for negligence against Doctors Hospital, she simply fails to persuade the Court that she was not aware of Doctors Hospital's involvement in the controversy when she filed her lawsuit in state court. First, before her second knee surgery on October 27, 2009, it seems clear that Plaintiff believed that she had a legal

claim against both Dr. Holzknecht and Doctors Hospital as a result of the September 2007 knee replacement surgery. On February 11, 2008, Plaintiff's counsel sent a demand letter (in the amount of $500,000) to Doctors Hospital, setting out the hospital's potential liability for Plaintiff's severed external peroneal nerve. (Dkt. No. 9 at Ex. A). The Court further notes that this act of negligence against Doctors Hospital is now set out in "Plaintiff's Amended Complaint." (*See* Dkt. No. 8 at Ex. B, ¶ 18).

Second, Plaintiff represents to the Court that her initial complaint was limited to a claim of Dr. Holzknecht's negligence in cutting the external peroneal nerve. (*See* Dkt. No. 3 at ¶ 2). However, to the contrary, "Plaintiff's Original Petition" (filed in state court) clearly sets out negligent acts against Dr. Holzknecht for (1) "failing to properly perform knee replacement surgery in that he used a replacement that was the wrong size for Plaintiff;" and (2) "failing to properly install knee replacement during surgery." (*See* Dkt. No. 1 at "Plaintiff's Original Petition," ¶ 10). Moreover, while Plaintiff contends that she "has only recently discovered, *subsequent to a second knee replacement surgery,* that Doctor's [sic] Hospital of Laredo may also be negligent" (Dkt. No. 3 at ¶ 1) (emphasis added), she does not point to any particular fact concerning Doctors Hospital's negligence that has been discovered since the filing of this lawsuit. The Court does not understand, nor does Plaintiff adequately explain, why she was able to file these claims of negligence against Dr. Holzknecht in her original state court petition, but was unable to file similar claims against Doctors Hospital.

diverse defendant was originally a named defendant at the time of removal).

**6.** Plaintiff had not yet received her medical records for the second knee surgery at the time of filing her original motion for leave to amend her complaint. (Dkt. No. 3 at ¶ 3).

Third, Plaintiff moved to amend her complaint just after this case was removed to federal court and prior to any additional discovery. This fact tends to show that Plaintiff has not acquired new information regarding Doctors Hospital's potential negligence in this matter.

Finally, it seems important to Plaintiff that she has recently received medical records pertaining to her second knee replacement surgery that corroborate her contention that the knee implant from the first surgery was the wrong size. (*See* Dkt. No. 8 at pg. 2). However, this fact does not justify adding Doctors Hospital as a defendant after the case has been removed to federal court. When reviewing these records, the Court does not see anything that indicates that Plaintiff should now be more aware of Doctors Hospital's potential liability than at the time when Plaintiff elected not to proceed against the hospital in the state court. (*See id.* at Ex. A). As such, because Plaintiff was aware of Doctors Hospital's involvement in this matter and then elected not to proceed against that entity in state court, the Court finds that this factor weighs heavily against allowing leave to amend.

### 2. *Whether plaintiff was diligent in requesting amendment*

The second *Hensgens* factor analyzes whether the plaintiff was dilatory in seeking leave to amend. *See Hensgens*, 833 F.2d at 1182. Normally, courts find that a plaintiff is not dilatory in seeking to amend a complaint when no trial or pretrial dates are scheduled and no significant activity beyond the pleading stage has occurred. *Smith v. Robin America, Inc.*, 2009 WL 2485589, at *6 (S.D.Tex. Aug. 7, 2009); *Herzog v. Johns Manville Prods. Corp.*, 2002 WL 31556352, at *2 (E.D.La. Nov. 15, 2002); *but see, O'Connor v. Automobile Ins. Co. of Hartford*, 846 F.Supp. 39, 41 (E.D.Tex.1994) (finding that the plaintiff was not diligent in requesting amendment when he could have easily named nondiverse defendant in the lawsuit in state court).

Here, Plaintiff filed her motion for leave to amend approximately one month after Dr. Holzknecht filed his notice of removal to federal court. In her supplemental brief, Plaintiff states that she "informed the Defendant shortly after the removal of this case that she intended to file an amended complaint and requested the agreement of the Defendant in order to avoid litigating this issue." (Dkt. No. 8 at pg. 5). Moreover, the Court has not issued a scheduling order in this case, and discovery between the parties has not yet commenced. Consequently, Plaintiff's motion to amend is not dilatory.

### 3. *Whether plaintiff will be prejudiced if amendment is denied*

As to the third *Hensgens* factor, Plaintiff has not shown that she will be significantly prejudiced if the Court denies joinder. Here, the Court construes Plaintiff's motion to generally argue that, because Dr. Holzknecht is asserting third-party liability in his answer, Plaintiff will be significantly injured. (*See id.*). Plaintiff implies that she will be injured if Doctors Hospital is not a defendant, and Dr. Holzknecht successfully argues that Doctors Hospital is responsible for the negligence. (*See id.* at pgs. 2–3). However, if Doctors Hospital is indeed responsible, then Plaintiff has suffered no injury, as she may pursue the claim against Doctors Hospital in state court.

Plaintiff further seems concerned with what she perceives will be Dr. Holznecht's trial strategy. Here, she states that Dr. Holzknecht's motive (in his opposition to her motion) is to "point his finger" at Doctors Hospital, which will be silent in this matter if Plaintiff is not allowed to amend. (*See* Dkt. No. 8 at pg. 2). Whether or not Doctors Hospital is silent does

not rest on whether the Court allows amendment, but on whether or not Plaintiff utilizes the discovery process to determine Doctors Hospital's involvement.

Next, Dr. Holzknecht argues that any claim Plaintiff asserts against Doctors Hospital is barred by the statute of limitations.[7] While Plaintiff seems to concede that the two-year statute of limitations has already passed with regard to Doctors Hospital, Plaintiff contends that the "discovery rule" in Texas and the "open courts provision of the Texas Constitution" will overcome a statute of limitations defense. (*See id.* at pgs. 3–4). While this Court does not decide the merits of this issue, the existence of a possible limitations defense to Plaintiff's negligence claims against Doctors Hospital mitigates the prejudice that might occur from a denial of joinder. *See Sterling v. Zurich American Ins. Co., et al.,* 2009 WL 3415789, at *2 (N.D.Tex. Oct. 22, 2009) (citing *Irigoyen v. State Farm Lloyds,* 2004 WL 398553, at *5 (S.D.Tex. Jan. 5, 2004)).

Moreover, there are other facts (which are not addressed by Plaintiff) that indicate that she will not be significantly prejudiced if the Court denies her amendment. For instance, there is nothing in the record that indicates that Dr. Holzknecht will be financially unable to fully satisfy a judgment without Doctors Hospital's help. Further, if Plaintiff truly wishes to pursue her claims of negligence against Doctors Hospital, she may do so in state court. Although Plaintiff would incur the additional expense of parallel proceedings, this does not constitute significant prejudice. *See Sterling,* 2009 WL 3415789 at *2 (citing *Ewans v. Wells Fargo Bank, N.A.,* 2008 WL 4998945, at *2 (N.D.Tex. Nov. 21, 2008); *Alba v. S. Farm Bureau Cas. Ins. Co.,* 2008 WL 4287786, at *2 (N.D.Tex.

Sept. 19, 2008)). As such, this factor does not weigh in favor of allowing Plaintiff's amendment.

### 4. *Other factors bearing on the equities*

Finally, the Court must consider any other factors that may bear on the equities of allowing the amendment. Beyond those already discussed, the Court finds no other exceptional circumstances that argue in favor of, or against, allowing Plaintiff to add Doctors Hospital as a nondiverse defendant.

### III. CONCLUSION

For the reasons stated above, the Court hereby DENIES Plaintiff's "Motion for Leave to Amend" (Dkt. No. 3). The Court also ORDERS that "Plaintiff's Amended Complaint" (Dkt. No. 8 at Ex. B) be STRICKEN from the record.

---

**7.** It is well-accepted as a general rule that new parties cannot be added to an action by amendment after the limitations period has expired. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1498 (2d ed.2009).